■ JANITOR SERVICE MANAGEMENT COMPANY, INC., Appellant, v. CHARLES A. PROVO, Respondent.— Order unanimously modified on the law by adding thereto a provision granting summary judgment to defendant dismissing plaintiff's complaint, and as so modified affirmed, with costs to respondent. Memorandum: By written agreement dated September 25, 1967, plaintiff engaged defendant to supervise plaintiff's window-washing crews. The agreement provided that (1) during the term of his employment or at any time thereafter, the defendant would not use or in any way derive any benefit from plaintiff's customer list and, by separate provision, (2) that for a period of two years following the termination of his employment, the defendant would not compete with plaintiff within a radius of 25 miles of the areas in which the defendant had worked for plaintiff. Following the termination of employment, defendant became a self-employed window cleaner and apparently solicited several of plaintiff's customers. Plaintiff then commenced this action for a permanent injunction restraining defendant from contracting for or soliciting the janitorial business of any of plaintiff's customers whose names were procured by him during his employment with plaintiff. The nature of the work done by the defendant for the plaintiff was neither unique nor extraordinary in character. Nor did it involve any element of secret information concerning plaintiff's business. In whatever light the contract is viewed, the most that can be said is that it served only to protect plaintiff's business against competition and, in such event, any injunction which has only this effect has been proscribed as against public policy when the limitation is unreasonable, despite a negative covenant in the contract of employment (*Purchasing Assoc.* v. *Weitz*, 13 N Y 2d 267; *Paramount Pad Co.* v. *Baumrind*, 4 N Y 2d 393; *Karpinski* v. *Ingrasci*, 34 A D 2d 403; *Carpenter & Hughes* v. *De Joseph*, 13 A D 2d 611, affd. 10 N Y 2d 925; *Rochelle* v. *Amendola*, 11 A D 2d 786). Special Term correctly denied plaintiff's motion for summary judgment and we further determine that summary judgment should be entered dismissing plaintiff's complaint. (CPLR 3212, subd. [b].) (Appeal from order of Onondaga Special Term denying motion for summary judgment in action for injunction.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Moule and Bastow, JJ.