Fuchsberg, J.
We are here required to determine whether a covenant made by a salesman not to compete with his employer after the termination of employment is enforceable in whole or in part.
Defendant William E. Trecker was employed in what was essentially a sales capacity for several years by plaintiff Columbia Ribbon and Carbon Manufacturing Co., Inc., a manufacturer and supplier of consumable supplies, such as carbon paper and inked ribbons, to the word and data processing industry. He signed an employment agreement containing the following restrictive covenant:
"1. Employee will not during his employment or after the end thereof, irrespective of the time, manner or cause of the termination of said employment, directly or indirectly, disclose to any person, firm or corporation, the name, address or requirements of any customer or prospective customer of the Company and * * * he will not divulge any other information that he has or shall have acquired during his period of employment, insofar as the same is or may be necessary to protect the Company’s business.
* * *
"3. The Employee further expressly covenants that he will not, for a period of twenty-four months after the termination of his employment with the Company, directly or indirectly, for himself, or as agent or employee of, or on behalf of, or in conjunction with any person, firm or corporation, sell or deliver any goods, wares and merchandise of the kind or character sold by the Company at any time during the term of his employment with the Company, or in any other manner, engage in the sale and delivery thereof within any territory to which the Employee was assigned during the last twenty-four months prior to termination.” (So far as appears from the record, the "territory” is at least nationwide.)
Following Trecker’s demotion from sales manager to salesman, he terminated his employment with Columbia and obtained a position with defendant A-l-A Corporation, a competitor.* Columbia thereupon sought to enforce the restrictive covenant by enjoining Trecker from competing with it "in the United States for a period of two years” and also to restrain *499 him permanently from soliciting or selling to customers that he had serviced while in its employ.
On cross motions for summary judgment, Special Term dismissed Columbia’s complaint. The Appellate Division affirmed, by a divided court, and, for the reasons that follow, we now, in turn, affirm its order.
Since there are "powerful considerations of public policy which militate against sanctioning the loss of a man’s livelihood” (Purchasing Assoc. v Weitz, 13 NY2d 267, 272), restrictive covenants which tend to prevent an employee from pursuing a similar vocation after termination of employment are disfavored by the law (see Clark Paper & Mfg. Co. v Stenacher, 236 NY 312; Mandel, Preparation of Commercial Agreements [1973 ed], p 148). Such covenants will be enforced only if reasonably limited temporally and geographically (Gelder Med. Group v Webber, 41 NY2d 680, 683; Reed, Roberts Assoc. v Strauman, 40 NY2d 303, 307-308), and then only to the extent necessary to protect the employer from unfair competition which stems from the employee’s use or disclosure of trade secrets or confidential customer lists (Reed, Roberts Assoc. v Strauman, supra, p 308). Thus, where the employer’s past or prospective customers’ names are readily ascertainable from sources outside its business, trade secret protection will not attach and their solicitation by the employee will not be enjoined (Leo Silfen, Inc. v Cream, 29 NY2d 387, 392).
On the other hand, if the employee’s services are truly "’special, unique or extraordinary’” and not merely of "high value to his employer”, injunctive relief may be available though trade secrets are not involved (Purchasing Assoc. v Weitz, supra, pp 272, 274).
With these criteria in mind, we turn first to the provisions of the restrictive covenant before us. It is clear that its broad-sweeping language is unrestrained by any limitations keyed to uniqueness, trade secrets, confidentiality or even competitive unfairness. It does no more than baldly restrain competition. This it may not do. Consequently, as plaintiff itself now recognizes, on its face the covenant is too broad to be enforced as written. (See Paramount Pad Co. v Baumrind, 4 NY2d 393; Janitor Serv. Mgt. Co. v Provo, 34 AD2d 1098; but cf. Bates Chevrolet Corp. v Haven Chevrolet, 13 AD2d 27, 16 AD2d 917, affd 13 NY2d 644.)
Nonetheless, plaintiff now asks us "to 'sever’ the impermis *500 sible from the valid and uphold the covenant to the extent that it is reasonable” (Karpinski v Ingrasci, 28 NY2d 45, 51). We perceive no basis on which to grant equitable relief.
The papers submitted by Columbia in opposition to the Trecker motion for summary judgment do not add enough to justify a severance. For all practical purposes, they consist only of the verified complaint and an unsupported affidavit by counsel. The affidavit furnishes Columbia no succor in resisting the motion for summary judgment (Capelin Assoc. v Globe Mfg. Corp., 34 NY2d 338, 342; Israelson v Rubin, 20 AD2d 668, affd 14 NY2d 887). The complaint, verified by an officer of the corporation with knowledge of the facts and thus the functional equivalent of an affidavit (CPLR 105, subd [s]), is here no more effective for that purpose (Indig v Finkelstein, 23 NY2d 728). It makes no showing that any secret information was disclosed, that Trecker performed any but commonplace services during his Columbia employment, or, for that matter, that there is any evidence of lost business, lost customers or other damage. Its only thrust in this direction is to allege, generally and without as much as a hint of time, date, place or actual orders, that Trecker solicited two of its customers. Nor is Trecker’s affidavit that no secrets had been involved in his Columbia employment, that he had taken possession of no customers’ lists or files and that all the customers were publicly known to be users of such products effectively controverted by Columbia’s purely conclusory assertions.
It follows that Columbia’s showing was insufficient to defeat summary judgment (see Woodmere Academy v Steinberg, 41 NY2d 746, 752), let alone justify an attempt at judicial rewriting of the restrictive covenant, and, accordingly, the order must be affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Cooke concur.
Order affirmed, with costs.

 The employment with A-l-A no longer continues, having come to an end during the course of this litigation.