LEGAL RECORDING & RESEARCH BUREAU LTD., Appellant, v RICHARD WICKA, Doing Business as PARA LEGAL SERVICES OF BUFFALO, Respondent.

Fourth Department, May 19, 1978

**APPEARANCES OF COUNSEL**

*Basil R. Piazza* for appellant.

*Brinkworth & Bond (Thomas Brinkworth* of counsel), for respondent.

## OPINION OF THE COURT

CARDAMONE, J. P.

On this appeal we are asked to determine whether plaintiff corporation is entitled to an injunction restricting the postemployment activities of defendant, a former employee of plaintiff. We affirm the judgment at Special Term which dismissed plaintiff's complaint seeking such injunctive relief.

Plaintiff, Legal Recording & Research Bureau Ltd., was incorporated in 1964 and performs certain clerical activities for attorneys such as title and judgment searches, delivery of papers and process serving. The corporation operates in Erie, Niagara and Genesee Counties and has a separately incorporated branch office in Monroe County.

On January 21, 1971 the defendant, Richard Wicka, filled out an employment application and was subsequently hired by plaintiff corporation to fill one of four clerk positions. On the reverse side of the employment application signed by the defendant was the following provision: "Applicant agrees that in consideration for applicant's employment by Limited Functions Ltd., Legal Clerk Service of Buffalo, or affiliates, that applicant will not, for a period of five years after the end or termination of applicant's employment, irrespective of the time, manner or cause of said termination, directly or indirectly, either as principal, agent, employee, employer, stockholder, co-partner or in any other individual or representative, capacity whatsoever, engage in Erie, Genesee, Niagara, Monroe, or _____ Counties in New York State, in a business similar to that which now or hereafter may in the course of applicant's employment be conducted by _____ whether in whole or in part, nor will applicant solicit, serve or cater to or engage, assist, be interested in or connected with any other person, firm or corporation soliciting, serving or catering to any of the customers served by applicant or by any other employee of _____ during applicant's employment with _____

Applicant's Signature Richard Wicka"

In 1974 the defendant was promoted to assistant manager and was responsible for supervising clerical personnel and also performing certain clerical duties. In April, 1975 defendant was further promoted to the position of office manager/sales representative. In this position he had possession of the service records of the plaintiff's customers and was responsible for the rates charged by plaintiff to these law firms. He was

also responsible for obtaining, on a commission basis, new business and was the sole liaison between the company and its customers.

As a result of certain problems with his job performance, defendant left plaintiff's employ on May 28, 1976 and is presently conducting a similar business. A brochure for defendant's business lists substantially identical services to those offered by plaintiff at identical or lower rates.

Public policy strongly militates against sanctions which limit a person's right to earn a livelihood *(Purchasing Assoc. v Weitz,* 13 NY2d 267, 272). A covenant restricting an individual's right to pursue a chosen career will be specifically enforced only when it satisfies the overriding requirement that it be reasonable. Reasonableness of the restrictive covenant must be measured by the circumstances and context in which enforcement is sought *(Gelder Med. Group v Webber,* 41 NY2d 680, 684; *Reed, Roberts Assoc. v Strauman,* 40 NY2d 303, 307) and is governed by the facts in each case *(Karpinski v Ingrasci,* 28 NY2d 45, 49; *Goldberg Co. v Stern,* 53 AD2d 246, 249).

A restrictive covenant may be enforceable by injunctive relief where an employee's services are found to be unique or extraordinary and the provisions of the covenant to which the employee agreed are reasonable *(Reed, Roberts Assoc. v Strauman, supra,* p 308; *Service Systems Corp. v Harris,* 41 AD2d 20, 22). Those covenants which restrict an employee from pursuing a similar posttermination vocation are disfavored in the law and enforced only where reasonably limited in time and geographical area "and then only to the extent necessary to protect the employer from unfair competition which stems from the employee's use or disclosure of trade secrets or confidential customer lists" *(Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.,* 42 NY2d 496, 499).

Assuming that the covenant before us is reasonably limited both temporally and geographically, we conclude, as did Special Term, that it may not be enforced. The service offered by the plaintiff corporation was routine and well known to the legal profession and potential customers for paralegal services were readily discoverable. The defendant's employment was not of a "unique and extraordinary nature" and he did not pilfer or make improper use of confidential customer information. All that the record established was that the defendant

acquired certain paralegal skills and a thorough knowledge of his employer's business.

Although in the instant case there may have existed a "special relationship" between defendant and plaintiff corporation's customer due to defendant's service as a sales representative (see *Service Systems Corp. v Harris, supra,* pp 23-24), there is absent in the record before us evidence of any disclosure of trade secrets or confidential customer lists. Where, as here, the names of prospective users of the employer's services or products are readily ascertainable outside the employer's business, trade secret protection will not attach *(Leo Silfen, Inc. v Cream,* 29 NY2d 387, 392).

Thus, the judgment should be affirmed.

SIMONS, DILLON, HANCOCK, JR., and DENMAN, JJ., concur.

Judgment unanimously affirmed, with costs.