## FOURTH DEPARTMENT, NOVEMBER, 1981

## (November 13, 1981)

■ NELSON TULUMELLO, Plaintiff, v W. J. TAYLOR INTERNATIONAL CONSTRUCTION CO., INC., Defendant. W. J. TAYLOR INTERNATIONAL CONSTRUCTION CO., INC., Appellant-Respondent, v NELSON L. TULUMELLO, Respondent-Appellant, et al., Defendants. — Order unanimously modified and, as modified, affirmed, with costs to respondent-appellant, in accordance with the following memorandum: This is an appeal from an order rendered after a nonjury trial of two actions before the Supreme Court, Erie County. W. J. Taylor International Construction Co., Inc. (Taylor Co.), claims the court erred when (1) it limited Taylor Co. damages on the diversion of corporate opportunity/unfair competition issue to the amount which Nelson Tulumello (Tulumello) earned or received in benefits as a director of Taylor Co. in excess of his normal salary and benefits as an employee of Taylor Co.; (2) denied Taylor Co.'s demand for injunctive relief to prevent Tulumello from operating his competitive business; and (3) denied Taylor Co. an accounting with respect to Tulumello's business. Tulumello on his cross appeal claims the court erred in requiring him to forfeit the moneys and benefits received as a result of his directorship and improperly denied the claim for his last week's salary in the sum of $440. We find no substantial evidence to support the court's finding that Tulumello violated any fiduciary obligation to the Taylor Co. in the negotiations and purchase of a competing business. Tulumello, an experienced door salesman, was recruited by the Taylor Co. and employed therein under no contract of employment or any agreement not to compete. William J. Taylor, Jr., the sole stockholder, president, treasurer and director, exclusively managed Taylor Co. The other officers and directors were nominal in nature, listed as attending the annual perfunctory meeting to meet legal obligations, but conducted no real business. When Tulumello informed Taylor that he was giving two weeks' notice because he was buying B & S in a few hours, he was fired by Taylor and was never paid his last week's wages. Public policy strongly militates against sanctions which limit a person's right to earn a livelihood (*Legal Rec. & Research Bur. v Wicka,* 62 AD2d 486). Considering that Taylor Co. was a close corporation completely run by Taylor and that Tulumello was only a nominal officer thereof, we find no basis to subject him to the strict fiduciary duty of a responsible officer. There is no evidence of disloyalty by Tulumello. Thus, before the close of his employment, he could properly purchase the rival business incorporated upon termination of employment. (See Restatement, Agency 2d, § 393, comment e.) There is no evidence that Tulumello solicited customers for such rival business before the end of his employment. Also we find nothing in the nature of his employment establishing a fiduciary relationship which prevented subsequent competition (*Public Relations Aids v Wagner,* 37 AD2d 293, affd 30 NY2d 890), especially in a business where the Dodge

904

Reports acquaint all of potential customers. Accordingly, Tulumello is entitled to be paid for any withheld wages or benefits. The court properly denied Taylor Co.'s demand for injunctive relief *(ABC Mobile Brakes, Div. of D.A. Mote, Inc. v Leyland,* 84 AD2d 914). (Appeals from order of Erie Supreme Court, Wolf, J. — recover wages; breach of fiduciary duty.) Present — Dillon, P. J., Simons, Callahan, Denman and Moule, JJ.