■ ABC MOBILE BRAKES, DIVISION OF D. A. MOTE, INC., Respondent, v JOHN E. LEYLAND, Appellant. — Order reversed, on the law and facts, with costs, and complaint dismissed. All concur, Cardamone, J. P., not participating. Memorandum: Special Term erred in enjoining defendant from soliciting or servicing any of plaintiff's customers whom defendant served while in plaintiff's employ. Plaintiff, the operator of a wholesale brake repair business servicing automobile repair garages, hired defendant as a route salesman to service and sell brake equipment and parts to its customers. Defendant traveled between customers in plaintiff's radio dispatch truck which contained both necessary parts and repair equipment. As a condition to his employment defendant signed a "Non-competition Employment Agreement" which precluded him, *inter alia,* from engaging in a competing business in Erie and Niagara Counties for 18 months following the termination of the employer-employee relationship. Some 10 months after defendant left this employment he purchased a mobile unjt and launched a comparable brake parts business. Plaintiff then instituted this action for an injunction to enforce the prohibition on competition and to enjoin the disclosure of confidential business information. After a trial of the issues, at which it appeared that plaintiff lost 3 of his 200 to 300 customers to defendant, the court found that the covenant not to compete is reasonable for the protection of plaintiff's business "only with respect to restraining defendant from directly or indirectly soliciting or endeavoring to entice away any of plaintiff's customers, *knowledge of whom was obtained by virtue of defendant's employment with plaintiff"* (emphasis in original). The general rule is that powerful public policy considerations weigh against restrictive covenants tending to prevent or limit an employee from pursuing a similar vocation after termination of his employment *(Matter of Sprinzen [Nomberg],* 46 NY2d 623, 631-632; *Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.,* 42 NY2d 496; *Reed Roberts Assoc. v Strauman,* 40 NY2d 303). A covenant not to compete "is not only subject to the overriding limitation of 'reasonableness' but is enforced only to the extent necessary to prevent the employee's use or disclosure of his former employer's trade secrets, processes or formulae" *(Purchasing Assoc. v Weitz,* 13 NY2d 267, 272) "or confidential customer lists", to which "trade secret protection will not attach" where the "names are readily ascertainable from sources outside" the employer's business *(Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp., supra,* p 499; see *Leo Silfen, Inc. v Cream,* 29 NY2d 387). In the case at bar, the court found that plaintiff failed to prove that defendant disclosed trade secrets and confidential business information which he obtained as a result of his employment. It is only when the employee's services are deemed " 'special, unique or extraordinary' " that a covenant not to compete may be enforced by injunctive relief when trade secrets are not involved *(Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp., supra,* p 499). While defendant was required to operate a lathe and

to machine brake wheels and brake parts as part of his routine work, thèse skills were not "special, unique or extraordinary", were acquired by him at high school and used in his prior employment as a mechanic and service manager. Under these circumstances the court was not empowered to enjoin defendant from soliciting plaintiff's customers. (Appeal from order of Erie Supreme Court, Doyle, J. — injunction against business competition.) Present — Cardamone, J. P., Callahan, Doerr, Denman and Schnepp, JJ.