NEWCO WASTE SYSTEMS, INC., et al., Respondents, v BRIAN F. SWARTZENBERG et al., Appellants. (Appeal No. 1.)— Order unanimously reversed, on the law, without costs, and motion denied. Memorandum: In 1983, defendant Brian F. Swartzenberg entered into an employment contract with plaintiff, Newco Waste Systems, Inc., containing a prohibition against disclosure or use of confidential information and a covenant not to compete after termination of his employment. Swartzenberg was employed as chief operating officer of Newco Waste Systems, Inc. and vice-president of Browning-Ferris Industries of New York, Inc. Newco Waste Systems, Inc. and Browning-Ferris Industries of New York, Inc. are wholly owned subsidiaries of Browning-Ferris Industries, Inc., one of the giants of the waste disposal industry. Swartzenberg terminated his employment with plaintiffs on March 31, 1986 and shortly thereafter formed defendant, Integrated Waste Systems, Inc. Plaintiffs commenced the present action seeking a permanent injunction and an accounting based on Swartzenberg's breach of the restrictive covenants of his employment contract and his common-law fiduciary duty of loyalty and trust. Plaintiffs simultaneously moved for a preliminary injunction to enforce the restrictive covenants of Swartzenberg's

employment contract. After a hearing the court granted the motion, finding that Swartzenberg possessed confidential information and was a special, unique and extraordinary employee.

In order to obtain a preliminary injunction, the movant must demonstrate (1) a likelihood of ultimate success on the merits, (2) irreparable injury absent the granting of the preliminary injunction and (3) a balancing of the equities favors the movant *(Watmet, Inc. v Robinson,* 116 AD2d 998, 999).

Viewed within the foregoing framework, it was error for the trial court to grant this preliminary injunction. Covenants "which tend to prevent an employee from pursuing a similar vocation after termination of employment are disfavored by the law". *(Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.,* 42 NY2d 496, 499.) For reasons of public policy, such restrictions will not be enforced "unless necessary to protect the trade secrets, customer lists or good will of the employer's business, or perhaps when the employer is exposed to special harm because of the unique nature of the employee's services" *(American Broadcasting Cos. v Wolf,* 52 NY2d 394, 403). Plaintiffs' witnesses described Swartzenberg as being but a key member of a team whose decisions were reviewed by others higher in the corporate structure. Swartzenberg, though a highly paid and extremely valuable corporate officer, is shown neither to be irreplaceable nor having caused special harm to his employer by his leaving. Absent such a showing Swartzenberg's services cannot be deemed special or unique *(American Broadcasting Cos. v Wolf, supra; Reed, Roberts Assoc. v Strauman,* 40 NY2d 303; *Purchasing Assoc. v Weitz,* 13 NY2d 267, 274).

Swartzenberg's possession of confidential information is in sharp dispute. Factual questions are presented as to whether this information is in fact confidential and what, if any, use he made of it. Restrictive covenants are enforceable if the confidential information is not readily ascertainable from independent sources, and then only to the extent necessary to protect the employer from unfair competition *(Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp., supra,* p 499). Further, it is the utilization of confidential information constituting a breach of trust, and not the mere knowledge of a business's intricacies, which is prohibited *(Reed, Roberts Assoc. v Strauman, supra,* pp 308-309). Because these facts, crucial to plaintiffs' establishing a likelihood of ultimate success on the merits, are sharply disputed, a preliminary injunction may not be granted *(Family Affair Haircutters v Detling,* 110 AD2d 745, 747). (Appeal from order of Supreme Court, Erie County, Ostrowski, J.—

injunction.) Present—Denman, J. P., Boomer, Pine, Lawton and Schnepp, JJ.