■ DIANE E. CURTIS, Doing Business as CURTIS ELECTROLYSIS, Respondent-Appellant, v TRACY A. AMELA-BOUYEA et al., Appellants-Respondents.—Mercure, J. Cross appeals from an amended order of the Supreme Court (Conway, J.), entered April 7, 1987 in Albany County, which, *inter alia,* partially granted plaintiff's motion for summary judgment.

Defendants were employed as electrologists under the terms of identical employment contracts with plaintiff dated October 1, 1984. As is relevant to the issues herein, the contracts provided that the employee for a period of six months after termination of the contract would not "within a ten (10) mile radius of 125 Wolf Road, Colonie, New York, directly or indirectly engage in the business of electrolysis" and "in the event of violation by [the employee] of the agreement against competition that [the employee] will pay as liquidated damages to [plaintiff] the sum of Four Hundred Dollars ($400.00) per day, for each day or part thereof that [the employee] continues to so break said agreement". It is undisputed that defendants left plaintiff's employ on October 18, 1985 and almost immediately opened a competing electrolysis business some 6.16 miles distant from the Wolf Road address in Albany County set forth in the employment contract.

Plaintiff commenced this action, seeking liquidated and actual damages against defendants for breach of the noncompetition clause of the employment contracts. Defendants each counterclaimed for money damages alleged to have resulted from plaintiff's fraudulent inducement of the employment contract. Following service of a reply, plaintiff moved and defendants cross-moved for summary judgment. Supreme Court granted partial summary judgment in favor of plaintiff on the issue of liability and otherwise denied plaintiff's motion. The cross motion was denied in all respects. The order provided that the action be set down for trial as to the amount of actual damages sustained as a result of defendants' breaches of contract. The parties cross-appeal.

We affirm. Clearly, the subject covenant not to compete was reasonable as to time and area, necessary to protect legitimate

business interests, not harmful to the public and not unduly burdensome, particularly in view of defendants' access to plaintiff's customer list *(see, Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.,* 42 NY2d 496, 499; *Gelder Med. Group v Webber,* 41 NY2d 680, 683). Indeed, the restrictions as to distance and time are far less onerous than those previously upheld by the courts *(see, e.g., Borne Chem. Co. v Dictrow,* 85 AD2d 646, 649 [three years and 150 miles]; *Uniform Rental Div. v Moreno,* 83 AD2d 629 [two years and unlimited as to area]). The remaining contentions advanced by defendants in opposition to plaintiff's motion for summary judgment, that the 10-mile provision was intended to mean 10 "driving" miles and that the employment contracts were executed under duress and were unconscionable, lack factual support.

We also agree with Supreme Court's conclusion that the damages to be liquidated in accordance with the contract are grossly disproportionate to plaintiff's probable loss *(see, Truck Rent-A-Center v Puritan Farms 2nd,* 41 NY2d 420, 424-425). Plaintiff herself alleges that the fees collected from the 112 clients she claims were enticed away by defendants, during the entire six months preceding defendants' departure, totaled $17,444.50, of which she would have received no more than one half. Further, the expenses attributable to the closing of plaintiff's second office, which opened in Saratoga County one month prior to defendants' departure, bear no relationship to defendants' breach of the noncompetition clause. It was defendants' departure from plaintiff's employ and not their competing business which necessitated the closing of the new office. Inasmuch as the liquidated amount bears no reasonable relationship to the probable loss and the amount of actual loss is neither incapable nor difficult of precise estimation, Supreme Court correctly denied summary judgment on this issue *(see, Truck Rent-A-Center v Puritan Farms 2nd, supra).*

Order affirmed, without costs. Kane, J. P., Casey, Levine, Harvey and Mercure, JJ., concur.