■ BUFFALO IMPRINTS, INC., Respondent, v DEAN SCINTA et al., Appellants. (Appeal No. 1.)—Judgment unanimously reversed on the law without costs, injunction vacated and complaint dismissed. Memorandum: Plaintiff Buffalo Imprints, Inc. is an advertising specialty firm that deals in items such as

calendars, decals, mugs, pens, etc., that are imprinted with the name and logo of business customers for promotional distribution. Defendants Scinta and Wirth became employed by plaintiff as sales agents in 1976 and 1979, respectively. On February 3, 1984, Scinta signed, and on February 14, 1984, Wirth signed five-year sales agreements with the plaintiff. Each agreement contained a clause that provided that if the agent left the company for any reason whatsoever, he would not, for two years following his termination date, "engage in any business related in any way to the advertising specialty, marketing program and other specialized advertising business in the eight (8) counties of Western New York".

On October 27, 1986, both defendants were terminated by plaintiff for what was described as disloyalty to the company. The following day, defendants opened an advertising specialty business under the name of Marketing Services, Inc., at a location in close proximity to plaintiff's place of business.

Plaintiff commenced this action seeking to enjoin defendants from competing with it for two years, pursuant to the terms of the employment agreement, and for monetary damages. Defendants claimed in their answers that the noncompetition clause in their employment contracts was void as against public policy. After a trial, the court rendered an order enjoining defendants from operating a business in contravention of the terms of the noncompete provision in the employment contract, finding that the noncompetition clause in the agreements was fair and reasonable, that defendants were exposed to every facet of plaintiff's business during their employment, and that most of the defendants' business was to plaintiff's customers. The court also awarded plaintiff 45% of defendants' gross profit, $34,125.

It was error for the court to enjoin defendants from engaging in business in competition with plaintiff. Powerful public policy considerations militate against sanctioning the loss of one's livelihood; therefore, clauses in employment contracts that prevent an employee from pursuing a similar vocation after termination are disfavored by the law *(Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.,* 42 NY2d 496, 499; *Newco Waste Sys. v Swartzenberg,* 125 AD2d 1004, 1005; *Family Affair Haircutters v Detling,* 110 AD2d 745, 747-748). Such restrictive covenants will not be enforced "unless necessary to protect the trade secrets, customer lists or good will of the employer's business, or perhaps when the employer is exposed to special harm because of the unique nature of the employee's services" *(American Broadcasting Cos. v Wolf,* 52 NY2d

394, 403; *Newco Waste Sys. v Swartzenberg, supra; Kraft Agency v Delmonico,* 110 AD2d 177, 182). It is well settled that where an employer's customer lists "are readily ascertainable from sources outside its business, trade secret protection will not attach and their solicitation by the employee will not be enjoined" *(Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp., supra,* at 499; *Leo Silfen, Inc. v Cream,* 29 NY2d 387, 392; *Walter Karl, Inc. v Wood,* 137 AD2d 22, 27).

Analyzing the case at bar according to the foregoing principles of law, the conclusion is inescapable that the court erred in giving enforcement to the restrictive covenants in these sales agreements. It is clear from the record plaintiff's customer lists do not qualify for trade secret protection. Lists of customers who might be interested in purchasing advertising specialties are readily ascertainable from many sources, including the yellow pages of telephone directories and lists of businesses prepared by chambers of commerce. Plaintiff concedes that lists of suppliers of novelty items are compiled and distributed by a national trade organization known as ASI, and that most suppliers exhibit their wares at trade shows which are open to the general public. Therefore, plaintiff failed to prove that its lists of suppliers were confidential.

Nor did plaintiff prove that defendants performed services of such a unique character that plaintiff is entitled to injunctive relief *(Newco Waste Sys. v Swartzenberg, supra,* at 1005; *Family Affair Haircutters v Detling, supra,* at 746; *cf., Service Sys. Corp. v Harris,* 41 AD2d 20). In our view, the court erred by giving enforcement to the restrictive covenants and reversal is necessary.

We further find that the court did not abuse its discretion by staying the effect of the injunction pending appeal. (Appeal from judgment of Supreme Court, Erie County, Ball, J.H.O.—injunction.) Present—Doerr, J. P., Boomer, Green, Pine and Davis, JJ.