■ COMCAST SOUND COMMUNICATIONS, INC., Respondent, v MICHAEL HOELTKE et al., Appellants.—Order insofar as appealed from unanimously reversed on the law without costs, cross motion granted in part and complaint dismissed. Memorandum: Supreme Court erred by denying defendants' cross motion for summary judgment dismissing the complaint. We have recently stated that non-competition clauses such as those contained in the employment contracts that plaintiff entered into with defendants, Michael Hoeltke and Greg Nolte, are "disfavored by the law" *(Buffalo Imprints v Scinta,* 144 AD2d 1025, 1026; *see also, Newco Waste Sys. v Swartzenberg,* 125 AD2d 1004, 1005). Such restrictive covenants will

not be enforced "unless necessary to protect the trade secrets, customer lists or good will of the employer's business, or perhaps when the employer is exposed to special harm because of the unique nature of the employee's services" *(American Broadcasting Cos. v Wolf,* 52 NY2d 394, 403; *Buffalo Imprints v Scinta, supra,* at 1026; *Kraft Agency v Delmonico,* 110 AD2d 177, 182). Moreover, where an employer's customer lists "are readily ascertainable from sources outside its business, trade secret protection will not attach and their solicitation by the employee will not be enjoined" *(Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.,* 42 NY2d 496, 499; *Buffalo Imprints v Scinta, supra,* at 1027; *Walter Karl, Inc. v Wood,* 137 AD2d 22, 27).

Application of the above principles to the facts here compels the conclusion that the restrictive covenants are not enforceable because plaintiff's customer lists do not qualify for trade secret protection. The lists are readily ascertainable from a myriad of sources available to the general public. Further, there has been no demonstration that defendants performed services of a unique nature for plaintiff. Although defendants were valuable sales personnel, they were not irreplaceable nor did their leaving plaintiff's employ cause plaintiff special harm *(see, Buffalo Imports v Scinta, supra; Newco Waste Sys. v Swartzenberg, supra; see also, Reed, Roberts Assocs. v Strauman,* 40 NY2d 303, *rearg denied* 40 NY2d 918).

Finally, there has been no factual showing that defendants wrongfully converted or misappropriated to their own use any confidential knowledge acquired during their employment with plaintiff or that they breached any fiduciary duty of loyalty that was owed to plaintiff *(see, Reed, Roberts Assocs. v Strauman, supra,* at 308-309; *Computer Task Group v Professional Support,* 88 AD2d 768, 769). Accordingly, defendants are entitled to summary judgment dismissing the complaint. (Appeal from Order of Supreme Court, Erie County, Wolfgang, J.—Summary Judgment.) Present—Dillon, P. J., Doerr, Balio, Lawton and Davis, JJ.