ICS/EXECUTONE TELECOM, INC., Appellant, v ANGELO MANCUSO, Respondent.—Order and judgment unanimously reversed on the law without costs, motion denied and complaint reinstated. Memorandum: In an action for damages for the alleged breach of a restrictive covenant in an employment contract, Supreme Court granted defendant's motion for summary judgment dismissing the complaint. We now reverse and reinstate the complaint because plaintiff has raised triable issues of material fact regarding defendant's solicitation of plaintiff's customers.

Plaintiff is the only authorized dealer of Isotec and Executone telephone systems in the Buffalo/Rochester/Syracuse area. The restrictive covenant in the employment contract between the parties prohibits the solicitation by defendant of plaintiff's customers for a period of one year following defendant's termination of employment. Defendant offered proof that 14 of plaintiff's former customers sought his services, yet he failed to show that he did not solicit other customers of plaintiff, whom he was admittedly servicing. This is not a case where the employer's customers' names are readily ascertainable from sources outside its business (see, Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp., 42 NY2d 496, 499; cf., Comcast Sound Communications v Hoeltke, 174 AD2d 1023). Thus, defendant failed to establish his defense "sufficiently to warrant the court as a matter of law in directing judgment" in his favor (CPLR 3212 [b]; Iselin & Co. v Mann Judd Landau, 71 NY2d 420, 425). (Appeal from Order and Judgment of Supreme Court, Monroe County, Siracuse, J.—Summary Judgment.) Present—Denman, P. J., Callahan, Balio, Lawton and Davis, JJ.