■ A. N. DERINGER, INC., Respondent-Appellant, v THOMAS TROIA et al., Appellants-Respondents.—Order unanimously modified on the law and as modified affirmed with costs to defendants, in accordance with the following Memorandum: Supreme Court abused its discretion in granting plaintiff a preliminary injunction enforcing, in part, a restrictive non-competition covenant. It is well settled that such covenants are disfavored by the law *(see, Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.,* 42 NY2d 496; *Reed, Roberts Assocs. v Strauman,* 40 NY2d 303, *rearg denied* 40 NY2d 918; *Comcast Sound Communications v Hoeltke,* 174 AD2d 1023; *Buffalo Imprints v Scinta,* 144 AD2d 1025; *Newco Waste Sys. v Swartzenberg,* 125 AD2d 1004). A non-competition covenant should not be enforced by a preliminary injunction where, as in this case, there is a sharp dispute concerning the underlying facts *(see, Newco Waste Sys. v Swartzenberg, supra,* at 1005; *Cool Insuring Agency v Rogers,* 125 AD2d 758, 759, *mot to dismiss appeal granted* 69 NY2d 1037; *Family Affair Haircutters v Detling,* 110 AD2d 745, 747; *Union Kol-Flo Corp. v Basil,* 64 AD2d 861, 862; *see also, City of Buffalo v Mangan,* 49 AD2d 697). Plaintiff's allegations that defendant Troia, a file clerk, possessed confidential information were conclusory and specu-

lative and were controverted by the specific and factually documented affidavits submitted by defendants. Accordingly, the preliminary injunction is vacated.

Furthermore, we observe that Supreme Court erred in failing to direct that plaintiff give an undertaking as a requirement to the granting of the preliminary injunction *(see,* CPLR 6312 [b]; *Sutton, DeLeeuw, Clark & Darcy v Beck,* 155 AD2d 962, 963; *Walter Karl, Inc. v Wood,* 137 AD2d 22, 29; *Wasus v Young Sun Oh,* 86 AD2d 753). (Appeals from Order of Supreme Court, Erie County, Francis, J.—Preliminary Injunction.) Present—Denman, P. J., Boomer, Pine, Lawton and Davis, JJ.