■ RICH PRODUCTS CORPORATION, Appellant, v KAREN A. PARUCKI et al., Respondents.—Order unanimously affirmed with costs. Memorandum: Supreme Court properly denied plaintiff's application for a preliminary injunction enjoining defendant, a former employee, from working for a competitor. The noncompetition agreement signed by defendant when she entered plaintiff's employ provides that, upon termination of employment, she will not, "for a period of two years subsequent to the termination of [her] employment, directly or indirectly engage in the manufacture, sale or distribution of any products similar to or competitive with the products marketed by Company within any market area in which the Company markets its products." Plaintiff states that it markets its products throughout the United States and in many other countries. Plaintiff has not shown that defendant's services are truly " ' "special, unique or extraordinary" ' and not merely of 'high value to [her] employer' " *(Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.,* 42 NY2d 496, 499). Thus, it "is clear that [the noncompetition agreement's] broad-sweeping language is unrestrained by any limitations keyed to uniqueness, trade secrets, confidentiality or even competitive unfairness" and, consequently, "the covenant is too broad to be enforced as written" *(Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp., supra,* at 499). (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Preliminary Injunction.) Present—Denman, P. J., Boomer, Pine, Lawton and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY L. KNIGHT, Appellant.—Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from Judgment of Cattaraugus County Court, Kelly, J.—Felony Driving While Intoxicated.) Present—Denman, P. J., Callahan, Boomer, Lawton and Davis, JJ.