■ PRICE PAPER AND TWINE COMPANY et al., Respondents, v ROBERT J. MILLER et al., Appellants.—In an action for a permanent injunction barring the defendants from soliciting the plaintiffs' clients, the defendants appeal from an order of the Supreme Court, Nassau County (Goldstein, J.), dated March 1, 1990, which granted the plaintiffs' motion for a preliminary injunction, *inter alia,* barring the defendants from canvassing, soliciting, accepting business from, or performing services for any of the plaintiffs' customers.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion for a preliminary injunction is denied.

The defendant-appellant Robert John Miller is an independent contractor formerly associated with the plaintiff-respondent Price Paper and Twine Company (hereinafter Price), a company which sells paper products to customers in the food service industry. Upon leaving Price, Miller became associated with the defendant-appellant, Wachs Brothers Paper Co., Inc. (hereinafter Wachs), a competitor of Price.

On or about February 23, 1990, the plaintiffs commenced the instant action for a permanent injunction against Miller and Wachs (collectively the defendants) to (1) enjoin the defendants from disclosing or using any of Price's secrets and confidential information, (2) direct Miller to divest himself of, and deliver, all memoranda, books, papers, notebooks, and computer printouts relating to the business and affairs of Price, (3) enjoin the defendants from canvassing, soliciting, accepting business from, or performing services for any of Price's customers who were customers as of February 22, 1990, (4) enjoin the defendants from using or disclosing to any person, firm, association, or other organization, any business information, methods, trade secrets, lists of customers, former customers, prospective customers, or any other confidential information or data obtained or developed by Miller while in Price's employ as either a salaried employee or independent contractor, and (5) enjoin the defendants from endeavoring to take away, directly or indirectly, any customer business from Price and from interfering with Price's business in any way. By order to show cause dated February 23, 1990, Price moved for a preliminary injunction and sought a temporary restraining order pending determination of the motion. The temporary restraining order was granted on February 23, 1990, and, by order dated March 1, 1990, the Supreme Court issued a preliminary injunction granting the aforementioned relief. By order dated March 5, 1990, this court vacated the temporary

restraining order, dismissed a purported appeal therefrom, and stayed the preliminary injunction.

On appeal, the defendants argue that the Supreme Court erred in granting Price's motion for a preliminary injunction. We agree.

In order to prevail upon a motion for a preliminary injunction, the moving party has the burden of demonstrating, by clear and convincing evidence, that (1) the movant will succeed on the merits of the action, (2) the movant will suffer irreparable injury absent the issuance of a preliminary injunction, and (3) the balance of equities is in favor of the movant (see, CPLR 6301; Grant Co. v Srogi, 52 NY2d 496; Walter Karl, Inc. v Wood, 137 AD2d 22; Family Affair Haircutters v Detling, 110 AD2d 745; Zurich Depository Corp. v Gilenson, 121 AD2d 443).

Regardless of the existence of a restrictive covenant between an employee and a former employer, courts disfavor any action which sanctions the loss of a person's livelihood (see, Reed, Roberts Assocs. v Strauman, 40 NY2d 303). Courts will not impede an employee's ability to compete with a former employer unless the evidence is clear and convincing that it is necessary to protect the trade secrets of the employer or that fraudulent methods were used by the employee to disparage the employer's business (see, Reed, Roberts Assocs. v Strauman, supra; Walter Karl, Inc. v Wood, supra; Zurich Depository Corp. v Gilenson, supra; Family Affair Haircutters v Detling, supra; Buffalo Imprints v Scinta, 144 AD2d 1025; Candler Coffee Corp. v Eigenfeld, 105 Misc 2d 716, affd 87 AD2d 569).

Insofar as the information sought to be protected consists of customer lists, it is well established that a court will not enjoin a former employee's use of an employer's customer list where, as here, the customers are all openly engaged in business and where their names and addresses can be found by those engaged in the trade merely by reviewing public documents including telephone directories (see, Reed, Roberts Assocs. v Strauman, supra; Walter Karl, Inc. v Wood, supra; Zurich Depository Corp. v Gilenson, 121 AD2d 443, supra; Family Affair Haircutters v Detling, 110 AD2d 745, supra; Buffalo Imprints v Scinta, supra; Candler Coffee Corp. v Eigenfeld, supra). Insofar as the information sought to be protected consists of the customers' needs and desires, courts will not enjoin an employee's use of that information where, as here, the information was merely recollections of the employee (see, Walter Karl, Inc. v Wood, supra). Insofar as the information

sought to be protected consists of pricing information, there are facts in dispute as to whether Price's prices and the methods used to estimate costs and profit margins are trade secrets *(see, Apollo Stationery Co. v Pilmer,* 11 Misc 2d 263; *Richard M. Krause, Inc. v Gardner,* 99 NYS2d 592). Accordingly, as there are key facts in dispute, the motion for a preliminary injunction is denied *(see, Faberge Intl. v Di Pino,* 109 AD2d 235; *Newco Waste Sys. v Swartzenberg,* 125 AD2d 1004).

In any event, we note that Price has failed to meet its additional burden of proving that it will suffer irreparable injury or that the balance of equities rests with it. Where, as here, a litigant can fully be recompensed by a monetary award, a preliminary injunction will not issue. Further, where it is demonstrated, as here, that the defendants would be likely to suffer more damage than the plaintiffs, a preliminary injunction should not be issued *(see, Poling Transp. Corp. v A&P Tanker Corp.,* 84 AD2d 796). Therefore, the motion for a preliminary injunction is denied. Sullivan, J. P., Lawrence, Eiber and Pizzuto, JJ., concur.