■ KEN J. PEZROW CORP., Appellant, v ROGER M. SEIFERT et al., Respondents. [602 NYS2d 468] —Order unanimously affirmed without costs. Memorandum: Supreme Court did not err in denying plaintiff's motion for a preliminary injunction or in granting defendants' cross motion for summary judgment dismissing the complaint, which sought to enforce a restrictive covenant contained in an employment agreement between plaintiff and defendant Roger M. Seifert (Seifert) dated July 28, 1987. It is well established that restrictive covenants contained in employment contracts that tend to prevent an employee from pursuing a similar vocation after termination are disfavored in the law *(see, Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.,* 42 NY2d 496, 499; *Comcast Sound Communications v Hoeltke,* 174 AD2d 1023, *lv dismissed* 79 NY2d 915; *Buffalo Imprints v Scinta,* 144 AD2d 1025, 1026; *Newco Waste Sys. v Swartzenberg,* 125 AD2d 1004). Such restrictive covenants will not be enforced "unless necessary to

protect the trade secrets, customer lists or good will of the employer's business, or perhaps when the employer is exposed to special harm because of the unique nature of the employee's services" *(American Broadcasting Cos. v Wolf,* 52 NY2d 394, 403; *see, Comcast Sound Communications v Hoeltke, supra,* at 1023-1024; *Kraft Agency v Delmonico,* 110 AD2d 177, 182).* Furthermore, where an employer's customer lists "are readily ascertainable from sources outside its business, trade secret protection will not attach and their solicitation by the employee will not be enjoined" *(Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp., supra,* at 499; *see, Buffalo Imprints v Scinta, supra,* at 1027; *Walter Karl, Inc. v Wood,* 137 AD2d 22, 27).

Under the circumstances of this case, the restrictive covenant is not enforceable because plaintiff's customer lists do not qualify for trade secret protection. Defendants established that plaintiff's customer lists are readily ascertainable from many sources, including a brochure published by plaintiff and widely distributed to plaintiff's clients. Plaintiff did not refute defendants' showing. Additionally, defendants established that, although Seifert was a highly successful and valuable account executive, he was not irreplaceable and his leaving did not cause plaintiff special harm.

Finally, consistent with our determination that the restrictive covenant is unenforceable, we conclude that Supreme Court properly denied plaintiff's motion for a preliminary injunction. (Appeal from Order of Supreme Court, Erie County, Cosgrove, J.—Summary Judgment.) Present—Callahan, J. P., Pine, Lawton, Doerr and Davis, JJ.