■ UNIFIRST CORPORATION, Appellant-Respondent, v TRI-STATE INDUSTRIAL UNIFORM et al., Respondents-Appellants. [613 NYS2d 102] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly granted summary judgment dismissing the allegations of the complaint not based on unfair competition arising from the alleged removal of documents. The court erred, however, in denying summary judgment with respect to those allegations based on unfair competition arising from the alleged removal of documents. Defendants met their burden of offering evidentiary proof in admissible form that defendant Anthony DeLeo did not remove confidential information and trade secrets and that defendants did not unlawfully interfere with the relationships of plaintiff with its customers. Plaintiff failed to meet its burden of submitting proof in admissible form establishing that there were unresolved material questions of fact requiring a trial (see, Zuckerman v City of New York, 49 NY2d 557, 560-562). Plaintiff's conclusory allegations that DeLeo removed documents are insufficient to raise a factual issue. Moreover, "where * * * past or prospective customers' names are readily ascertainable from sources outside its business, trade secret protection will not attach" (Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp., 42 NY2d 496, 499). Thus, we grant defendants' motion for summary judgment in its entirety and dismiss the complaint. (Appeals from Order of Supreme Court, Monroe County, Galloway, J.—Summary Judgment.) Present —Green, J. P., Pine, Balio, Fallon and Doerr, JJ.

■ In the Matter of LEMSEH A. and Others, Infants. LORRAINE W., Appellant; ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [614 NYS2d 961] —Order unanimously affirmed without costs. Memorandum: We reject respondent's contention that Family Court erred in permitting the examining psychiatrist to refer to a letter in respondent's file. The letter was not received in evidence. Thus, the requirements for admissibility under the business records exception to the hearsay rule (see, CPLR 4518 [a]) do not apply. (Appeal from Order of Erie County Family Court, Dillon, J.—Terminate Parental Rights.) Present—Green, J. P., Pine, Balio, Fallon and Doerr, JJ.