■ ALVIN BRISKIN, Appellant, v ALL SEASONS SERVICES, INC., Respondent. [615 NYS2d 166] —Judgment unanimously reversed on the law with costs, motion denied, complaint reinstated, cross motion granted and judgment granted in accordance with the following Memorandum: Plaintiff commenced this action seeking a declaratory judgment that the non-compete covenant set forth in his employment agreement with defendant All Seasons Services, Inc. (All Seasons) was invalid and unenforceable. Plaintiff appeals from a judgment declaring that covenant valid and enforceable and permanently enjoining plaintiff from competing with All Seasons until termination of the covenant. We reverse.

It is well established that restrictive covenants that tend to prevent an employee from pursuing a similar vocation upon termination or retirement from employment are disfavored by the law *(see, Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.,* 42 NY2d 496, 499; *Accent Stripe v Taylor,* 204 AD2d 1054; *Pezrow Corp. v Seifert,* 197 AD2d 856, *lv dismissed* 83 NY2d 798; *Comcast Sound Communications v Hoeltke,* 174 AD2d 1023, *lv dismissed* 79 NY2d 915; *Buffalo Imprints v Scinta,* 144 AD2d 1025, 1026; *Newco Waste Sys. v Swartzenberg,* 125 AD2d 1004). Such covenants will not be enforced unless necessary to protect trade secrets, confidential customer lists or good will, or to prevent special harm to which the former employer might be exposed because of the unique nature of the employee's services *(see, American Broadcasting*

*Cos. v Wolf,* 52 NY2d 394, 403; *Accent Stripe v Taylor, supra; Pezrow Corp. v Seifert, supra,* at 856-857). All Seasons did not dispute that the identity of potential customers for vending services could be obtained through the yellow pages of the telephone book, and it conceded that its price structure varies with the preferences and needs of each customer. Under the circumstances, All Seasons failed to establish that its customer list or price structure policy and contracts constitute a trade secret *(see, Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp., supra,* at 499; *Buffalo Imprints v Scinta, supra,* at 1027). The fact that plaintiff was a knowledgeable and experienced sales representative does not establish that his skills were unique or that he was irreplaceable *(see, Pezrow Corp. v Seifert, supra; Comcast Sound Communications v Hoeltke, supra,* at 1024).

Plaintiff's cross motion for summary judgment is granted, and judgment is granted declaring that the restrictive covenant, or non-compete provision, is invalid and unenforceable. (Appeal from Judgment of Supreme Court, Monroe County, Calvaruso, J.—Declaratory Judgment.) Present—Denman, P. J., Green, Balio, Wesley and Davis, JJ.