■ COMPUTER CLEARING HOUSE, INC., Appellant, v KAREN BINDA-BOBBY, Respondent. [635 NYS2d 868] —Order unanimously affirmed without costs. Memorandum: Supreme Court did not abuse its discretion by granting defendant's cross motion for leave to serve an amended answer *(see,* CPLR 3012 [d]; 2005).

Plaintiff contends that the court erred in denying its cross motion to dismiss defendant's counterclaims because General Business Law § 340 does not apply to this case. We disagree. General Business Law § 340 "may be used to defend against enforcement of a restrictive agreement not found justified under the circumstances" (Givens, Practice Commentaries, McKinney's Cons Laws of NY, Book 19, General Business Law § 340, at 518; *see also, Riccardi [Modern Silver Linen Supply Co.],* 45 AD2d 191, *affd* 36 NY2d 945). Plaintiff does not appeal from the court's dismissal of the complaint seeking to enforce the restrictive covenant, and we conclude that, under the circumstances of this case, the court properly denied the cross motion to dismiss the counterclaims because the restrictive covenant is too broad to be enforced *(see, Pezrow Corp. v Seifert,* 197 AD2d 856, *lv dismissed in part and denied in part* 83 NY2d 798; *Rich Prods. Corp. v Parucki,* 178 AD2d 1024).

Finally, we conclude that the court did not err in refusing to dismiss the third counterclaim sounding in abuse of process.

Defendant made a prima facie showing establishing the essential elements of the tort of abuse of process *(see, Board of Educ. v Farmingdale Classroom Teachers Assn., Local 1889,* 38 NY2d 397, 403). This action was commenced despite the fact that, in a prior case involving similar restrictions, the court refused to grant a preliminary injunction against a former employee of defendant. (Appeal from Order of Supreme Court, Monroe County, Rosenbloom, J.—Restrictive Covenant.) Present—Pine, J. P., Fallon, Callahan, Davis and Boehm, JJ.