■ MERRELL BENCO AGENCY, INC., et al., Respondents, v IRVING L. SAFRIN, Appellant. [647 NYS2d 952] —In an action to recover damages for breach of an employment contract, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Miller, J.), dated August 29, 1995, as granted the plaintiffs' motion for a preliminary injunction enjoining the defendant, *inter alia,* from soliciting or dealing with the plaintiffs' clients.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiffs' motion for a preliminary injunction is denied.

The parties were in the business of selling insurance. On November 21, 1991, the defendant signed an employment agreement with the plaintiffs that included a nonsolicitation clause. The clause prevented the defendant from soliciting or dealing "in any manner, directly or indirectly" with any client of the plaintiffs for two years following the termination of his employment. By late April or early May of 1995, the defendant's employment with the plaintiffs terminated. On or about July 26, 1995, the plaintiffs commenced this action seeking, *inter alia,* to permanently enjoin the defendant from using the plaintiffs' confidential information and to enjoin him, for two years, from any contact with the plaintiffs' clients. The trial court, *inter alia,* issued a preliminary injunction barring the defendant for the pendency of this action "from soliciting or dealing in any manner, directly or indirectly with any client or account of plaintiff". By decision and order on motion of this Court dated October 12, 1995, enforcement of the preliminary injunction was stayed pending determination of the appeal

except for the provision thereof which enjoined the defendant from soliciting clients of the plaintiffs which he serviced during the course of his employment with the plaintiffs.

To obtain a preliminary injunction, the plaintiffs were required to demonstrate, *inter alia,* a strong likelihood of success on the merits *(see, W.T. Grant Co. v Srogi,* 52 NY2d 496, 517; *Price Paper & Twine Co. v Miller,* 182 AD2d 748), particularly since they were seeking to enforce a restrictive covenant against a former employee *(see, Jarvis Assocs. v Stotler,* 216 AD2d 649; *Cool Insuring Agency v Rogers,* 125 AD2d 758). We conclude that the plaintiffs failed to meet this burden.

While non-competition clauses will be enforced if necessary to protect an employer's confidential customer information *(see, Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.,* 42 NY2d 496, 499; *Reed, Roberts Assocs. v Strauman,* 40 NY2d 303, 308; *Cosmos Forms v American Computer Forms,* 193 AD2d 577, 579), there is an issue of fact as to whether the defendant made use of confidential client information. Moreover, the plaintiffs offered nothing more than conclusory allegations concerning their claim that the defendant was actively soliciting their clients. When "there are key facts in dispute, the motion for a preliminary injunction [should be] denied" *(Price Paper & Twine Co. v Miller, supra,* at 750).

Finally, the plaintiffs failed to present evidence to support their claim that they will be irreparably injured if the injunction is not granted *(see, Price Paper & Twine Co. v Miller, supra).* Miller, J. P., O'Brien, Sullivan and Altman, JJ., concur.