■ INDEPENDENT HEALTH ASSOCIATION, INC., Appellant, v MICHAEL MURRAY, Respondent. [649 NYS2d 616] —Order unanimously reversed on the law without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Plaintiff appeals from an order that denied without a hearing its application for a preliminary injunction enjoining defendant from breaching the terms of a covenant not to compete and granted defendant's motion to vacate the temporary restraining order previously issued by Supreme Court. When defendant was hired by plaintiff on March 6, 1995 as Assistant Vice-President, Finance, he executed an agreement outlining the terms and conditions of his employment. That agreement contained certain non-compete and confidentiality clauses that were effective for a one-year period after termination of employment. By letter dated May 29, 1996, defendant notified plaintiff that he was resigning his position and had accepted a position with plaintiff's main competitor, Blue Cross & Blue Shield of Western New York, Inc. This action ensued.

Plaintiff contends that the restrictive covenants in defendant's employment contract should be enforced to protect sensitive trade secrets that defendant possesses, which he will utilize in his new employment with a competitor. Generally, such restrictive covenants will not be enforced "unless necessary to protect the trade secrets, customer lists or good will of the employer's business, or perhaps when the employer is exposed to special harm because of the unique nature of the employee's services" (*American Broadcasting Cos. v Wolf*, 52 NY2d 394, 403; *see, Briskin v All Seasons Servs.*, 206 AD2d 906; *Pezrow Corp. v Seifert*, 197 AD2d 856, 856-857, *lv dismissed in part and denied in part* 83 NY2d 798). Where, as here, there is a sharp dispute between the parties concerning the underlying facts, it has been the policy of this Court, relied upon by Supreme Court, to refuse to enforce a non-competition covenant by a preliminary injunction (*see, A. N. Deringer, Inc. v Troia*, 178 AD2d 1023; *Newco Waste Sys. v Swartzenberg*, 125 AD2d 1004).

The New York State Legislature, however, has recently amended CPLR 6312 (L 1996, ch 24 [eff Jan. 1, 1997]) with respect to factual disputes arising upon applications for preliminary injunctions. A new subdivision (c) was added to CPLR 6312 providing that, so long as the elements required for issuance of a preliminary injunction are demonstrated in the movant's papers, an opposing party's presentation of evidence sufficient to raise an issue of fact shall not in itself be grounds for denial of the motion. In such event, the court shall determine, by hearing or otherwise, whether each of the elements required for issuance of a preliminary injunction exists. The purpose of this new subdivision is to obviate the harsh consequences that often occurred wherein the contest over the preliminary injunction would determine the entire controversy. It is apparent in this case that denial of the application for a preliminary injunction without a hearing effectively renders the application for a permanent injunction academic. Although the new statute is not effective until January 1, 1997, we adopt its rationale and decline to follow our previous decisions. Therefore, we remit this matter to Supreme Court for a hearing on the application for a preliminary injunction. (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Preliminary Injunction.) Present—Lawton, J. P., Fallon, Callahan, Balio and Davis, JJ.