[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON APPLICATION FOR A TEMPORARY INJUNCTION
For the following reasons, the plaintiff, Southport Consulting Co., Inc.'s application for a temporary injunction against the defendant, David Lucas, is hereby denied without prejudice on the present record. According to the amended verified complaint, during the defendant's employment with the plaintiff, the defendant executed an employment agreement to serve as the plaintiff's Executive Vice-President. This agreement, among other things, precluded the defendant for one year after termination of his employment from engaging in any business activity in competition with the plaintiff "within ninety (90) miles of any company with which Employer [the plaintiff] has done business within the previous three (3) year period." The complaint further alleges that the defendant prematurely terminated the employment agreement, began employment with a competitor located several blocks away from the plaintiff's business location, and started soliciting clients in the same geographical area of the plaintiff's business. The plaintiff claims that these actions violate the parties' employment agreement and has caused it loss and irreparable harm. The application seeks to enjoin the defendant from competing with the plaintiff in violation of the employment agreement.
The parties agree that New York law governs the enforceability of the employment agreement's non-competition CT Page 8268 provision. Under New York law, covenants not to compete are against public policy and are unenforceable unless: the employee's competition stems from his use or disclosure of trade secrets or confidential customer lists; the employee's services are unique or extraordinary; or disclosure of information to a competitor would result in the loss of business or customers, or cause other damages. Scott Paperlo v. Finnegan,476 N.Y.S. 316, 101 App.Div.2d 787 (First Dept. 1984); accord ColumbiaRibbon Carbon Manufacturing Co., Inc. v. A-J-A Corporation etal., 42 N.Y.2d 496, 398 N.Y.S.2d 1004, 369 N.E.2d 4 (1977);Greenwich Mills Co. Inc. v. Barrie House Coffee, Co.,459 N.Y.S.2d 454, 92 App.Div.2d 577 (Second Dept. 1983).
The plaintiff has failed to allege or offer evidence indicating that the defendant has confidential or other information which would harm the plaintiff if disclosed; or that the plaintiff's services are unique or extraordinary in any way. The plaintiff's memorandum in support of the application characterizes the defendant's background and experience as being "unique", however, such statements do not constitute evidence and these generalized statements have been denied by the defendant in his opposing memorandum. Such factual disputes cannot be resolved without evidentiary proceedings.
Therefore, the application for a temporary injunction is denied without prejudice on the present record.
Dated this 4th day of August ___ , 1997.
Stevens, J.