■■■ BDO Seidman, Appellant, v Jeffrey Hirshberg, Respondent. [668 NYS2d 537] —Order unanimously modified on the law and as modified affirmed with costs to defendant in accordance with the following Memorandum: Supreme Court properly granted defendant's cross motion for summary judgment dismissing the complaint, which sought to enforce a restrictive covenant in a management employment agreement between plaintiff and defendant. Restrictive covenants that prevent an employee from pursuing a similar vocation after termination are disfavored by the courts (*see, Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.*, 42 NY2d 496, 499). Because the restrictive covenant in this agreement is overbroad, it is unreasonable and unenforceable (*see, Reimer & Co. v Cipolla*, 929 F Supp 154; *see also, Briskin v All Seasons Servs.*, 206 AD2d 906; *Pezrow Corp. v Seifert*, 197 AD2d 856, *lv dismissed in part and denied in part* 83 NY2d 798).

We reject plaintiff's contention that the court erred in failing to sever the unenforceable parts of the restrictive covenant and to give effect to the remainder of the covenant; the court would thereby be required to rewrite the entire covenant (*see, Reimer & Co. v Cipolla, supra*, at 160; *Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp., supra*, at 499-500).

We agree with plaintiff, however, that the court erred in fail-

ing to dismiss defendant's counterclaim. Defendant conceded in its submissions that its counterclaim was subject to dismissal if the complaint were dismissed. We therefore modify the order by granting in part plaintiff's motion for summary judgment and dismissing defendant's counterclaim. (Appeal from Order of Supreme Court, Erie County, Michalek, J.—Summary Judgment.) Present—Green, J. P., Lawton, Wisner, Callahan and Fallon, JJ.