Definitions Private Training Gyms, Inc. v Lutke (2021 NY Slip Op 07506)





Definitions Private Training Gyms, Inc. v Lutke


2021 NY Slip Op 07506


Decided on December 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 28, 2021

Before: Webber, J.P., Mazzarelli, Gesmer, González, Rodriguez, JJ. 


Index No. 651398/21 Appeal No. 14929 Case No. 2021-02007 

[*1]Definitions Private Training Gyms, Inc., Plaintiff-Appellant,
v
Ryan Lutke, Defendant-Respondent.


Siegel & Reiner LLP, New York (Richard H. Del Valle of counsel), for appellant.
Bell Law Group, Garden City (Paul Bartels of counsel), for respondent.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered March 16, 2016, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion for a preliminary injunction, unanimously affirmed, without costs.
The court providently exercised its discretion in denying plaintiff's motion for a preliminary injunction preventing defendant from providing services to plaintiff's former clients in alleged violation of a nonsolicitation agreement. Applying the traditional three-pronged analysis, plaintiff has not established likelihood of success on the merits, as it offers only speculation and conclusory allegations that defendant was actively soliciting its clients (see 1234 Broadway LLC v West Side SRO Law Project, Goodard Riverside Community Ctr., 86 AD3d 18, 23 [1st Dept 2011]; Merrell Benco Agency v Safrin, 231 AD2d 614, 615 [1st Dept 1996]). Furthermore, plaintiff cannot show irreparable harm, since it can be adequately compensated by money damages for the value of lost profits from its former clients. Accordingly, plaintiff has a quantifiable remedy, and does, in fact, seek monetary damages in its complaint for breach of the parties' nonsolicitation agreement (U.S. Re Cos., Inc. v Scheerer, 41 AD3d 152, 155 [1st Dept 2007]). A balancing of the equities also tips in defendant's favor, because in the absence of evidence that he breached the nonsolicitation agreement, there is no basis to interfere with his ability to earn a living. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 28, 2021