### (February 27, 1978)

■ GAYNOR & COMPANY, INC., Respondent, v ROBERT B. STEVENS et al., Appellants, et al., Defendants.—Order of the Supreme Court, New York County, entered in the office of the clerk on August 5, 1977, denying appellants' motions pursuant to CPLR 3212 (subd [e]) for summary judgment dismissing the first and second causes of action, which causes are solely directed against them, unanimously reversed, on the law, with $60 costs and disbursements to appellants, and summary judgment is granted in favor of appellants dismissing the first and second causes of action and the remainder of the action is severed. There is no allegation in these causes of action or elsewhere in the record of any acts by appellants in breach of their fiduciary duty while employed by plaintiff or that they were disloyal or made any attempt to obtain the business of defendant Mutual while so employed. The restrictive covenant to which plaintiff alludes provides that for a period of two years after termination of employment with plaintiff, appellants would not "solicit, divert or take away" any of plaintiff's customers or disclose the names and addresses of those customers. Contrary to the view of Special Term, the opinion in *Reed, Roberts Assoc. v Strauman* (40 NY2d 303) appears dispositive of this appeal. There the Court of Appeals held that a restrictive covenant similar to the one at bar was unenforceable as a matter of law against a former employee unless (1) his services were "unique" or "extraordinary", or (2) to prevent his disclosure or use of trade secrets or confidential information *(Reed, Roberts Assoc. v Strauman, supra,* p 308). On the facts presented, although the services of appellant Stevens may have been valuable and perhaps less can be said of the services of appellant Roberts, nevertheless, the services of neither can be classified as "unique" or "extraordinary" *(Reed, Roberts Assoc. v Strauman, supra,* p 306). Furthermore, notwithstanding plaintiff's allegation that appellants were entrusted with "trade secrets" that term does not appear in the restrictive covenant. In any event, no trade secrets or confidential customer information is involved, as it is undisputed that confidential lists of customers do not exist in the advertising business and that the names of plaintiff's customers are listed publicly in nationally available publications as well as in the review issues of *Advertising News of New York.* "Where the employer's past or prospective customers' names are readily ascertainable from sources outside its business, trade secret protection will not attach and their solicitation by the employee will not be enjoined *(Leo Silfen, Inc. v Cream,* 29 NY2d 387, 392)." *(Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.,* 42 NY2d 496, 499.) There is no allegation in the complaint that there was a

studied copying by appellants of lists of customers of plaintiff or that appellants pirated the customer lists of plaintiff. Finally, the allegations of conspiracy asserted in the first two causes of action are conclusory and lacking in any degree of specificity (see *Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp., supra,* p 500). Concur—Murphy, P. J., Lupiano, Birns, Yesawich and Sandler, JJ.