■ ARC-COM FABRICS, INC., Respondent, v ELLEN ROBINSON et al., Appellants.—Order, Supreme Court, New York County (Harold Baer, Jr., J.), entered on or about June 28, 1988, which, *inter alia,* denied defendants-appellants' cross motion for summary judgment dismissing the complaint, unanimously reversed, on the law, to the extent appealed from, and the motion for summary judgment dismissing the complaint granted, with costs.

Plaintiff, Arc-Com Fabrics, Inc. (Arc-Com), commenced this action to obtain a permanent injunction and damages for an alleged violation of a restrictive covenant not to compete, contained in an employment agreement entered into by Arc-Com and defendant Ellen Robinson. Arc-Com, a New York corporation which markets and sells contract textiles throughout the United States, employed Robinson from August 11, 1986 to May 31, 1988 as a sales representative assigned to cover sections of Missouri and Illinois. On June 1, 1988, Robinson commenced employment with defendant Maharam Fabrics Corp. (Maharam), a Long Island-based supplier of contract textiles which, like Arc-Com, does business in the midwest region of the United States.

Arc-Com's action against Robinson and Maharam (collectively defendants) is grounded in its claim that Robinson possesses trade secrets and other confidential information which will enable Maharam to unfairly compete with Arc-Com. In moving for summary judgment, defendants submitted several exhibits indicating that client and price information in the contract textiles industry is widely disseminated. Among these exhibits were Arc-Com's net price list, which it circulates to customers and potential customers, and various trade magazines and journals which list interior designers and architects as potential customers, and provide information on industry suppliers, their services, and their products.

In *Leo Silfen, Inc. v Cream* (29 NY2d 387, 392), a matter which also dealt with an action for damages and to enjoin a former employee from soliciting the plaintiff's customers, the court observed that "[g]enerally, where the customers are readily ascertainable outside the employer's business as prospective users or consumers of the employer's services or products, trade secret protection will not attach and courts

will not enjoin the employee from soliciting his employer's customers". Similarly, in *Reed, Roberts Assocs. v Strauman* (40 NY2d 303, 308), the court rejected a claim that a former employee's access to "confidential customer information" justified a permanent injunction, since the names and addresses of potential customers were readily discoverable. *(See also, Altana, Inc. v Schansinger,* 111 AD2d 199; *Gaynor & Co. v Stevens,* 61 AD2d 775.)*

Once defendants made a prima facie showing that the assertions of trade secrets and confidential information contained in the complaint were lacking in merit, it was incumbent upon Arc-Com to lay bare its proof establishing the existence of a triable issue of fact. *(Food Plus v Frankel,* 54 AD2d 706.) This it failed to do, for Arc-Com proffered no evidentiary facts to demonstrate that its customers are not readily ascertainable, or that its services are unique. *(Supra.)* Rather, Arc-Com opposed the motion for summary judgment solely with conclusory assertions contained in an affirmation in opposition. *(See, Newman v Muney,* 28 AD2d 561.)

For this reason, and in light of the "powerful considerations of public policy which militate against sanctioning the loss of a [person's] livelihood" *(Purchasing Assocs. v Weitz,* 13 NY2d 267, 272) and which have provoked judicial disfavor against restrictive covenants *(Reed, Roberts Assocs. v Strauman, supra,* at 307), the cross motion for summary judgment dismissing the complaint is granted. Concur—Sullivan, J. P., Asch, Milonas, Kassal and Wallach, JJ.