■ PROPS FOR TODAY, INC., Respondent, v MAXINE KAPLAN et al., Appellants, et al., Defendant.—Order, Supreme Court, New York County (Edward Greenfield, J.), entered on or about August 26, 1989, which granted plaintiff's motion pursuant to CPLR 6301 for a preliminary injunction to the extent of enjoining defendants from soliciting any of plaintiff's customers or placing orders with any of plaintiff's suppliers and denied defendant Kaplan's cross motion for summary judgment, unanimously affirmed, with costs.

Order of the same court entered on or about February 1, 1990, which denied defendants' motion for leave to reargue the prior motion and denied, *sub silentio,* defendants' motion for leave to file a second answer to the complaint, unanimously affirmed as to the latter, and the appeal from the former is dismissed as from a nonappealable order, with costs.

Plaintiff rents visual properties (props) for photography, motion pictures and video. Plaintiff specializes in props consisting of kitchen fixtures and decorative accessories, and its clientele is unique in this regard. Defendant Kaplan is a former employee who has founded a competing props company.

Plaintiff has presented persuasive circumstantial evidence,

supported by specific facts, by documentation, and by the affidavits of several witnesses, that defendant Kaplan misappropriated confidential information concerning photography stylists and prop masters who particularly favor renting kitchenware props, and concerning suppliers who will sell individual items of kitchenware to prop companies at wholesale prices. Defendant Kaplan has selectively denied certain allegations, but many of the more serious allegations stood without categorical denial until the appealing defendants' reply papers on the motion to reargue.

The preliminary injunction was properly granted, summary judgment dismissing the complaint was properly denied, reargument was properly denied, and the motion for leave to file a second answer (as to which no argument was actually presented to the IAS court or on appeal) was properly denied. Plaintiff showed a likelihood of success on the merits, a substantial risk of irreparable injury, and a balance of the equities in its favor *(Primo Enter. v Bachner,* 148 AD2d 350, 351). Cases in which customer lists are publicly available *(see, e.g., Arc-Com Fabrics v Robinson,* 149 AD2d 311) are distinguishable, since although defendants have shown that general lists of photo stylists and prop masters are available to the public, they have not, however, refuted plaintiff's showing that only it has listings of those clients interested in its specialized inventory, and of those wholesale distributors willing to accommodate it.

Plaintiff's showing of a likelihood of success on the merits is sufficient. Plaintiff has not shown that its success is certain, but it is in no way obliged to do so *(Parkmed Co. v Pro-Life Counseling,* 91 AD2d 551, 553).

We have considered defendants' other arguments, and find them to be without merit. Concur—Murphy, P. J., Kassal, Ellerin, Smith and Rubin, JJ.