■ EMPIRE FARM CREDIT, ACA, Respondent, v CURTIS BAILEY, Appellant. [657 NYS2d 211] —Crew III, J. Appeal from an order of the Supreme Court (Rumsey, J.), entered December 13, 1996 in Cortland County, which, *inter alia,* granted plaintiff's motion for summary judgment.

In 1985, defendant became employed by Susquehanna Valley Production Credit Association, which provided financial services to farmers in Otsego, Broome, Chenango and Delaware Counties. Defendant's responsibilities included tax preparation, recordkeeping and related financial matters. As a part of his employment, defendant signed a covenant not to compete

in which he agreed that in the event of his termination of employment, he would not directly or indirectly solicit business from Susquehanna's customers for a period of three years. Subsequently, through a series of mergers, Susquehanna was merged into plaintiff.

In 1995, defendant left plaintiff's employ and began his own financial services business, soliciting, *inter alia*, customers of plaintiff who he previously had serviced in his employment capacity with plaintiff. As a consequence, plaintiff commenced this action seeking, *inter alia*, to enjoin defendant from soliciting plaintiff's customers in violation of the covenant not to compete. After issue was joined, defendant moved for, *inter alia*, summary judgment and plaintiff cross-moved for summary judgment. Supreme Court denied defendant's motion and granted plaintiff's cross motion, prompting this appeal.

It is now axiomatic that restrictive covenants, such as the one at bar, will be enforced to the extent necessary to prevent the use of trade secrets or confidential customer information, but only so long as they are reasonable in time and area, not harmful to the general public and not unreasonably burdensome to the employee (*see, e.g., Reed, Roberts Assocs. v Strauman*, 40 NY2d 303, 307-308). In order to establish trade secrets or confidential customer information status, it was incumbent upon plaintiff to demonstrate that its customers are not known in the trade and are discoverable only by extraordinary efforts (*see, Silfen Inc. v Cream*, 29 NY2d 387, 392-393). This plaintiff failed to do. There is no record evidence that plaintiff's customers are not known in the trade. To the contrary, any farmer is a potential customer for the accounting/business services offered by plaintiff and, as established by defendant's proof, there are a number of ways to determine the names and addresses of such potential customers. While plaintiff asserted that its customer base was developed through great investment of time, effort and expense, such assertion was wholly conclusory and without any factual basis (*see, Arc-Com Fabrics v Robinson*, 149 AD2d 311, 312; *compare, McLaughlin, Piven, Vogel v Nolan & Co.*, 114 AD2d 165, 173, *lv denied* 67 NY2d 606). Indeed, in a subsequent affidavit submitted on plaintiff's behalf, it was asserted that success in acquiring customers has been by referral from satisfied customers.

Finally, we reject plaintiff's contention that defendant's services were so unique or extraordinary that the covenant should be enforced (*see, Frederick Bros. Artists Corp. v Yates*, 271 App Div 69, 71, *affd* 296 NY 820). Plaintiff merely established that defendant was a good and valuable employee, which is an insuf-

ficient basis to invoke the provisions of such a covenant (*see, Reed, Roberts Assocs. v Strauman*, 40 NY2d 303, 309, *supra; Briskin v All Seasons Servs.*, 206 AD2d 906, 907).

Cardona, P. J., Mikoll, Mercure and Casey, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant, by reversing so much thereof as granted plaintiff's cross motion for summary judgment and denied defendant's motion for summary judgment; plaintiff's cross motion denied, defendant's motion for summary judgment granted and complaint dismissed; and, as so modified, affirmed.