Savannah Bank, N. A., Appellant, v Savings Bank of the Fingerlakes et al., Respondents. (Appeal No. 1.) [691 NYS2d 227] —Judgment unanimously affirmed without costs. Memorandum: Plaintiff commenced this action alleging that defendants misappropriated plaintiff's trade secrets, conspired to misappropriate plaintiff's trade secrets, tortiously interfered with the contractual relations of plaintiff with its employees, conspired to cause employees of plaintiff to breach their contracts with plaintiff, and tortiously interfered with the business relationships of plaintiff with its customers. The action arose when two commercial loan officers left plaintiff's employ and began to work for defendant Savings Bank of the Fingerlakes, allegedly in violation of a contractual restriction that they not obtain employment at a competing bank located within a 25-mile radius of plaintiff for a year following the termination of their employment with plaintiff. Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint.

The court properly dismissed the cause of action for misappropriation of trade secrets. Defendants met their burden of establishing that no trade secrets, including confidential

customer lists, were misappropriated, and plaintiff failed to raise a triable issue of fact. Whether information is a trade secret depends, in part, upon the ease or difficulty with which the information could be acquired or duplicated by others (*see, Ashland Mgt. v Janien,* 82 NY2d 395, 407; *Wiener v Lazard Freres & Co.,* 241 AD2d 114, 124). Information is not considered a trade secret where, as here, it is readily ascertainable through sources outside the business (*see, Reed, Roberts Assocs. v Strauman,* 40 NY2d 303, 308, *rearg denied* 40 NY2d 918; *Leo Silfen, Inc. v Cream,* 29 NY2d 387, 392-395). There are also no confidential customer lists. The customers for whose business plaintiff and defendant Savings Bank of the Fingerlakes are competing are commercial enterprises located in a limited geographical area, who are readily ascertainable from other sources (*see, Empire Farm Credit v Bailey,* 239 AD2d 855, 856). Because there was no misappropriation of trade secrets, the cause of action for conspiracy to misappropriate trade secrets also was properly dismissed. In addition, the cause of action based upon tortious interference with plaintiff's customers based on use of confidential information or trade secrets was also properly dismissed.

The remaining causes of action for tortious interference with contract and conspiracy to cause employees to breach their contracts were also properly dismissed because they are based upon an unenforceable restrictive covenant. "[R]estrictive covenants contained in employment contracts that tend to prevent an employee from pursuing a similar vocation after termination are disfavored in the law" (*Pezrow Corp. v Seifert,* 197 AD2d 856, *lv dismissed in part and denied in part* 83 NY2d 798; *see also, Genesis II Hair Replacement Studio v Vallar,* 251 AD2d 1082). Restrictive covenants will be enforced only so far as necessary to protect trade secrets or in cases where the employee's services are so unique or extraordinary as to be irreplaceable (*see, Genesis II Hair Replacement Studio v Vallar, supra; see also, Empire Farm Credit v Bailey, supra,* at 856). We agree with the court that the two commercial loan officers, although both were knowledgeable and experienced, did not provide services that are so unique or extraordinary that the restrictive covenant should be enforced (*see, Empire Farm Credit v Bailey, supra,* at 856-857; *Briskin v All Seasons Servs.,* 206 AD2d 906, 907; *Pezrow Corp. v Seifert, supra,* at 857). As plaintiff concedes, if the restrictive covenant is unenforceable, then there can be no cause of action for tortious interference with contract. (Appeal from Judgment of Supreme Court, Monroe County, Stander, J.—Summary Judgment.) Present—Denman, P. J., Pigott, Jr., Hurlbutt and Balio, JJ.