■ VIDEO PROJECTS COMPANY, INC., Appellant, v NEW YORK RACING ASSOCIATION, INC., et al., Respondents, and ALBERT AMARA et al., Defendants. [754 NYS2d 342] —In an action, inter alia, to recover damages for tortious interference with contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Lally, J.), dated October 10, 2001, which granted the motion of the defendants New York Racing Association, Inc., and Kenneth Noe, Jr., and the separate motion of the defendants Teleview Racing Patrol, Inc., Francis Langton, and Dietmar Petrat, for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

For many years, the plaintiff provided closed-circuit television and video services to the defendant New York Racing Association, Inc. (hereinafter NYRA). The defendant Kenneth Noe, Jr., is the president of NYRA. In 1996 the contract for such services was awarded to the defendant Teleview Racing Patrol, Inc. (hereinafter Teleview). The defendants Francis Langton and Dietmar Petrat are former employees of the plaintiff that were hired by Teleview. The plaintiff commenced this action alleging, inter alia, violations of its statutory and civil rights, breach of employment agreements, and tortious interference with contract. In the order appealed from, the Supreme Court granted the motion of the defendants NYRA and Noe, and the separate motion of the defendants Teleview,

Langton, and Dietmar, for summary judgment dismissing the complaint insofar as asserted against them. We affirm.

In opposition to the prima facie demonstration of entitlement to judgment as a matter of law by the defendants Teleview, Langton, and Petrat, the plaintiff failed to raise a triable issue of fact that either Langton or Petrat breached an enforceable restrictive covenant in their respective contracts of employment (*see Savannah Bank v Savings Bank of Fingerlakes,* 261 AD2d 917; *Briskin v All Seasons Servs.,* 206 AD2d 906; *Accent Stripe v Taylor,* 204 AD2d 1054), or that Teleview tortiously interfered with such contracts (*see Kronos, Inc. v AVX Corp.,* 81 NY2d 90; *Waste Servs. v Jamaica Ash & Rubbish Removal Co.,* 262 AD2d 401; *Wilchfort v Balsamo,* 258 AD2d 649). Thus, summary judgment was properly granted to those defendants dismissing the complaint insofar as asserted against them.

In opposition to the prima facie demonstration of entitlement to judgment as a matter of law by the defendants NYRA and Noe, the plaintiff failed to raise a triable issue of fact, inter alia, that these defendants violated stated provisions of the Racing, Pari-Mutuel Wagering and Breeding Law or Civil Rights Act § 1983 (*see e.g.* Racing, Pari-Mutuel Wagering and Breeding Law §§ 259, 260; 42 USC § 1983; *Stevens v New York Racing Assn.,* 665 F Supp 164).

The plaintiff's remaining contentions are without merit. Ritter, J.P., Goldstein, Crane and Mastro, JJ., concur.