(March 21, 1989)

■ PRIMO ENTERPRISE, Respondent, v "JOE" BACHNER, Appellant.—Order of the Supreme Court, New York County (David H. Edwards, Jr., J.), entered November 12, 1987, which granted plaintiff's motion for a preliminary injunction enjoining and restraining the defendant from soliciting plaintiff's customers and from disclosing to any other person or corporation the names and addresses of plaintiff's customers, unanimously reversed, on the law, on the facts, and in the exercise of discretion, the motion is denied and the injunction vacated, with costs.

The defendant was employed as a salesman by plaintiff, a manufacturer of custom-printed promotional apparel. During the period of his employment, defendant signed an agreement stating that, upon leaving plaintiff's employ, he would not solicit plaintiff's customers, clients or accounts for three years. Defendant further agreed that he would not disclose to third parties the names and addresses of plaintiff's customers or any other information respecting plaintiff's business. It is alleged that defendant, after the termination of his employment with plaintiff, did, in fact, solicit several of plaintiff's customers. Citing these violations of the parties' agreement, plaintiff commenced the present action for breach of contract, in the context of which it has sought and, in the order here appealed, obtained a preliminary injunction restraining defendant from further solicitation or disclosure in violation of the agreement.

Preliminary injunctive relief is not appropriate unless the movant has demonstrated (1) that it is likely ultimately to prevail on the merits; (2) that it will suffer irreparable harm without the preliminary injunction; and (3) that, on balance, the equities are in its favor (see, e.g., Faberge Intl. v Di Pino, 109 AD2d 235, 240; Paine & Chriscott v Blair House Assocs., 70 AD2d 571, 572; Oleshko v New York State Liq. Auth., 29 AD2d 84, affd 21 NY2d 778).

Plaintiff has not shown that it is likely to prevail on the merits and, accordingly, has not demonstrated its right to the injunctive relief sought.

Although restrictive covenants may legitimately be used by employers to prevent the disclosure or use of trade secrets or confidential customer information, it is recognized that such covenants tend to be anticompetitive and may cause unnecessary hardship by unduly restricting a former employee's vocational options. Accordingly, such covenants are enforceable only to the extent that they afford an employer demonstrably necessary protection against unfair competition stemming from the use or disclosure of trade secrets (American Broadcasting Cos. v Wolf, 52 NY2d 394, 403; Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp., 42 NY2d 496, 499; Reed, Roberts Assocs. v Strauman, 40 NY2d 303, 307-308; Scott Paper Co. v Finnegan, 101 AD2d 787, 788-789).

The plaintiff has not shown that defendant was privy to any information legitimately deserving of protection as a trade secret. Although reference is made by plaintiff to customer lists, there is no indication that the identity of the customers

listed was not readily obtainable by reference to the publicly available industry Redbook. Indeed, plaintiff has conceded that its customers are listed as advertisers in the Redbook. As has been observed, "where the customers are readily ascertainable outside the employer's business as prospective users or consumers of the employer's services or products, trade secret protection will not attach and courts will not enjoin the employee from soliciting his employer's customers". *(Leo Silfen, Inc. v Cream,* 29 NY2d 387, 392 [Breitel, J.].) This is so even where there is an agreement by the former employee not to solicit the employer's customers (there was no nonsolicitation agreement in *Leo Silfen, Inc. v Cream, supra)* for, as noted, such agreements are not enforceable unless the need for protection can be shown. *(See, e.g., Reed, Roberts Assocs. v Strauman, supra; Scott Paper Co. v Finnegan, supra.)* Where trade secrets are not demonstrably involved, there can be no sustainable claim by an employer for protection. Manifestly, an employer can have no legitimate interest in restricting the use of easily accessible information. Nor would it be a purposeful exercise for courts to prevent the use by one individual of information readily available to all.

Having focused solely upon the absence of any trade secrets warranting protection, it is appropriate to note briefly that this is not a situation in which enforcement of the restriction could have been sought on the theory that the employee's services were unique or extraordinary. There is no indication that defendant, a salesman, rendered services so remarkable in kind *(contrast, Karpinski v Ingrasci,* 28 NY2d 45, where the party enjoined was an oral surgeon).

The apparent absence of a protectable interest in this case requires the conclusion, at least for purposes of the present motion, that no injunction, much less one of three years' duration—an unusually lengthy period for a restriction on future employment even under circumstances far more compelling than those at bar—may issue against the defendant. Concur—Murphy, P. J., Sullivan, Wallach and Smith, JJ.