■ NORTON GARFINKLE, Respondent, v PFIZER, INC., et al., Appellants.—Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered February 21, 1990, granting a motion by plaintiff Norton Garfinkle for summary judgment to the extent of declaring that the plaintiff is not bound by a restrictive covenant between him and defendant Oral Research Laboratories, and dismissing the counterclaims of the defendants, unanimously affirmed, without costs.

In view of the well-established considerations for enforcement of restrictive employment covenants *(see, Greenwich Mills Co. v Barrie House Coffee Co.,* 91 AD2d 398, 400-401 [2d Dept 1983]), the defendants have failed to raise a triable issue of fact that would preclude summary judgment. There was no showing that the plaintiff employee is in possession of any trade secrets or other confidential information not available to the public at large. *(Primo Enter. v Bachner,* 148 AD2d 350, 352 [1st Dept 1989].)* Nor was there a showing that the plaintiff employee's services were unique or extraordinary to an extent that would "make his replacement impossible or that the loss of such services would cause the employer irreparable injury." *(Purchasing Assocs. v Weitz,* 13 NY2d 267, 274 [1963].)* In addition, as the IAS court noted, there is no showing by defendants that under these circumstances, a restrictive covenant, the geographic scope of which encompasses the entire world, is reasonable. We have reviewed defendants' remaining arguments, and find them to be without merit. Concur—Kupferman, J. P., Sullivan, Asch, Wallach and Smith, JJ.