■ GLENN MILLER PRODUCTIONS, INC., Respondent, v CLEMENT DE ROSA, Appellant.—Order, Supreme Court, New York County (Harold Tompkins, J.), entered on or about April 2, 1990, granting plaintiff's motion pursuant to CPLR 6301 for a preliminary injunction, and denying defendant's cross motion for dismissal of the complaint pursuant to CPLR 3211 (a) (7) and related relief, unanimously affirmed, without costs.

In 1989, a European promoter and the defendant, a former leader of plaintiff's ensemble, discussed the possibility of the defendant's leading an ensemble to be known as the "Glenn Miller Memorial Orchestra" on two 1990 tours of France. The plaintiff made its disapproval of any such plans known to the defendant and to the European promoter, on the grounds that plaintiff owns the exclusive United States' right to the name "Glenn Miller Orchestra", and that the two employment contracts between plaintiff and defendant prohibit the latter's use of the name "Glenn Miller" in any capacity whatsoever. It is disputed whether the defendant withdrew from the French tour prior to the commencement of this action, in which the plaintiff seeks a permanent injunction and both liquidated and compensatory damages.

The motion for a preliminary injunction was properly granted. Plaintiff showed a likelihood of success on the merits, a substantial risk of irreparable injury, and a balance of the equities in its favor *(Primo Enters. v Bachner,* 148 AD2d 350, 351).

The contract clauses at issue restrict only defendant's use of the name "Glenn Miller" in his musical enterprises. They do not prohibit him from competing with the plaintiff, or from working as a musician or bandleader. For this reason, we do not find the contract clauses to be restrictive covenants. Were we to so characterize them, we would find them reasonable and enforceable *(see, Greenwich Mills v Barrie House Coffee Co.,* 91 AD2d 398, 400-401).

Nor does plaintiff, by contract, attempt to extend its trademark to the "Glenn Miller" name into areas excluded from protection by the Federal trademark laws *(cf., Brulotte v Thys Co.,* 379 US 29, *reh denied* 379 US 985). The contract clauses are not an improper extension of a domestic trademark in a foreign market, since defendant does not have superior trademark rights in France *(see, Luft Co. v Zande Cosmetic Co.,* 142 F2d 536, 540-541, *cert denied* 323 US 756), nor is he a French national *(see, Majorica, S.A. v Majorca Intl.,* 687 F Supp 92, 95). Further, the contractual provisions sought to be enforced are legitimately intended to avoid consumer confusion over the name "Glenn Miller" *(see, Scholastic, Inc. v Macmillan, Inc.,* 650 F Supp 866). Concur—Sullivan, J. P., Ross, Asch, Kassal and Smith, JJ.