■ LONDON TERRACE GARDENS, Appellant, v LONDON TERRACE TOWERS OWNERS, INC., et al., Respondents. [610 NYS2d 233] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered July 27, 1992, which, *inter alia,* denied plaintiff's motion for preliminary injunctive relief and dismissed the second amended complaint, unanimously affirmed, without costs.

In seeking injunctive relief which would permit the continued unrestricted use of a luxurious swimming pool, plaintiff was required to show a likelihood of success on the merits, irreparable harm, and a balance of equities that favors the movant *(see, Primo Enter. v Bachner,* 148 AD2d 350, 351). We agree with the IAS Court that interruption of the plaintiff's tenants in their use of the pool would not have constituted irreparable harm.

Furthermore, not only has plaintiff failed to show a likelihood of success on the merits, but the IAS Court properly dismissed the second amended complaint. Plaintiff failed to adequately allege the existence of an express easement, since there is no pleading of plain and direct language, unequivocally establishing an intent to create an easement *(see, Willow Tex v Dimacopoulos,* 68 NY2d 963, 965). Likewise, plaintiff failed to adequately allege the existence of an easement by prescription, since the plaintiff pleaded only 13 years of continuous use, even though it admits that the applicable statute requires 15 years *(cf., Beutler v Maynard,* 80 AD2d 982, *affd* 56 NY2d 538). Nor did plaintiff adequately allege the existence of an easement by implication *(see, Monte v DiMarco,* 192 AD2d 1111, 1112, *lv denied* 82 NY2d 653), or an easement by estoppel.

We have considered the plaintiff's remaining arguments, and find them to be without merit. Concur—Sullivan, J. P., Kupferman, Asch, Williams and Tom, JJ.