■ ROZ ROCKOWITZ et al., Appellants, v HUNTINGTON TOWN HOUSE, INC., Respondent. [725 NYS2d 227] —In an action to re-

cover damages for breach of contract, the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Seidell, J.), dated March 15, 2000, as, upon reargument, adhered to the prior determination in an order of the same court dated January 3, 2000, denying those branches of their motion which were for summary judgment, to dismiss the defendant's second affirmative defense of estoppel and the counterclaim, and for leave to serve an amended complaint, and (2) from an order of the same court, dated June 15, 2000, which denied their motion, denominated as one to dismiss the defendant's second affirmative defense of estoppel and the counterclaim, but which was, in actuality, a motion for reargument, and granted the defendant's cross motion for a protective order pursuant to CPLR 3103 to the extent that the parties were precluded from seeking or obtaining any further discovery in this matter.

Ordered that the appeal from so much of the order dated June 15, 2000, as denied that branch of the defendant's motion which was, in actuality, for reargument, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated March 15, 2000, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated June 15, 2000, is affirmed insofar as reviewed; and it is further,

Ordered that the defendant is awarded one bill of costs.

In its March 15, 2000, order, the Supreme Court properly adhered to its original determination denying summary judgment to the plaintiffs based upon the existence of triable issues of fact (see, Rose v Spa Realty Assocs., 42 NY2d 338; Drywall & Accoustical Contrs. v West Shore Partners, 187 AD2d 564), in denying dismissal of the defendant's affirmative defense of estoppel, and in denying the plaintiffs leave to serve an amended complaint.

With regard to the June 15, 2000, order, the Supreme Court properly denied the plaintiffs' motion. However, the motion should have been denied on the ground that it was, in actuality, a second attempt to reargue issues decided in the January 3, 2000, order denying summary judgment and the March 15, 2000, order granting reargument and adhering to the original determination (see, Mucciola v City of New York, 177 AD2d 553). As such, the appeal from that portion of the June 15, 2000, order must be dismissed.

Finally, the Supreme Court properly exercised its discretion in granting the defendant's cross motion for a protective order

(*see, Andersen v Cornell Univ.*, 225 AD2d 946). Santucci, J. P., Goldstein, Feuerstein and Crane, JJ., concur.