■ ROBERT SEIGEL, Appellant, v DAKOTA, INC., Respondent. [42 NYS3d 103]—

Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered October 7, 2015, which granted defendant's motion to dismiss the complaint, unanimously affirmed, with costs. Appeals from orders, same court and Justice, entered November 9, 2015, and December 10, 2015, respectively, deemed appeals from orders denying reargument, and, so considered, said appeals unanimously dismissed, without costs, as taken from nonappealable orders. Order, same court and Justice, entered on or about December 22, 2015, which denied plaintiff's motion for recusal, unanimously affirmed, with costs. Order, same court and Justice, entered April 14, 2016, which denied plaintiff's "second" motion for recusal, deemed an appeal from an order denying reargument, and, so considered, said appeal unanimously dismissed, without costs, as taken from a nonappealable order.

The complaint was correctly dismissed as time-barred (*see* CPLR 3211 [a] [5]). Plaintiff purchased shares in defendant cooperative corporation and entered into a proprietary lease for the occupancy of Apartment 1A in 1999. The apartment included lower-level space, used by the previous tenant as an art studio, that plaintiff planned to convert into bedrooms.

Plaintiff alleges that defendant was aware of and approved his plan, but later took actions to thwart it, specifically, by improperly refusing to allow him to put a new air conditioning unit in the building's common area "moat" and by improperly amending the building's certificate of occupancy to list the lower level of Apartment A as a basement instead of a cellar. As plaintiff was aware of defendant's position on these issues no later than in 2006 but did not bring suit until 2012, the action is barred by the applicable statutes of limitations.

The continuing wrong doctrine is inapplicable to this case (*see generally Kaymakcian v Board of Mgrs. of Charles House Condominium*, 49 AD3d 407 [1st Dept 2008]). Nor does the doctrine of equitable estoppel apply to bar the assertion of the statute of limitations defense, since plaintiff failed to allege that specific subsequent acts by defendant kept him from timely bringing suit (*see Corsello v Verizon N.Y., Inc.*, 18 NY3d 777, 789 [2012]). Indeed, the allegations in the complaint demonstrate that plaintiff had all the information he needed to bring an action before the limitations period expired (*see Close-Barzin v Christie's, Inc.*, 51 AD3d 444 [1st Dept 2008]).

The breach of the warranty of habitability and breach of an easement claims also fail to state causes of action (CPLR 3211 [a] [7]; *see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). Plaintiff alleges not that the apartment he purchased is uninhabitable but that he cannot create additional inhabitable space as he planned—a claim not encompassed by the protections of Real Property Law § 235-b ("Warranty of habitability"). His claim fails on the additional ground that he never made any bona fide attempt to reside in the building (*see Halkedis v Two E. End Ave. Apt. Corp.*, 161 AD2d 281 [1st Dept 1990], *lv denied* 76 NY2d 711 [1990]). The cause of action for breach of an easement fails to allege the existence of a writing containing plain and direct language unequivocally evincing the grantor's intent to create an easement (*see Willow Tex v Dimacopoulos*, 68 NY2d 963 [1986]; *London Terrace Gardens v London Terrace Towers Owners*, 203 AD2d 145 [1st Dept 1994]).

The motion court properly denied plaintiff's motion for recusal. The record is devoid of evidence that the court showed any bias, and plaintiff's claims of connections between the Justice and members of defendant's board are rank speculation.

Since plaintiff failed to demonstrate that his motions to renew defendant's motion to dismiss were based on any new facts not offered on the prior motion (CPLR 2221 [e] [2]), the appeals from the orders deciding those motions are deemed ap-

peals from the denial of reargument (CPLR 2221 [d] [2]), which are not appealable (*see Forbes v Giacomo*, 130 AD3d 428 [1st Dept 2015], *lv dismissed in part, denied in part* 26 NY3d 1047 [2015]). The appeal from the denial of plaintiff's second motion to recuse must also be dismissed, since the second recusal motion was in fact a motion for reargument of the first recusal motion (*see Rockowitz v Huntington Town House*, 283 AD2d 630 [2d Dept 2001]). Concur—Mazzarelli, J.P., Sweeny, Andrias, Webber and Gesmer, JJ.