Siegel v Dakota, Inc. (2019 NY Slip Op 04773)





Siegel v Dakota, Inc.


2019 NY Slip Op 04773


Decided on June 13, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2019

Friedman, J.P., Richter, Tom, Gesmer, Moulton, JJ.


154934/15 9622 9621

[*1]Robert Siegel, Plaintiff-Appellant,
v
The Dakota, Inc., et al., Defendants-Respondents.


Harris Beach PLLC, Albany (Victoria A. Graffeo of counsel), for appellant.
Smith Gambrell & Russell, LLP, New York (John Van Der Tuin of counsel), for respondents.



Order, Supreme Court, New York County (David Benjamin Cohen, J.) entered February 8, 2018, which granted defendants' motion to dismiss the amended complaint, and order, same court and Justice, entered on or about July 19, 2018, which, to the extent appealable, denied plaintiff's motion for renewal, unanimously affirmed, without costs.
The motion to dismiss was properly granted in its entirety. As this Court held in its November 22, 2016 order affirming the dismissal of the original complaint, "The continuing wrong doctrine is inapplicable to this case" (144 AD3d 555, 556 [1st Dept 2016], appeal dismissed 29 NY3d 1026 [2017]). Contrary to plaintiff's contentions, many, if not most, of the allegations in the amended complaint simply repeat those that were deemed untimely in the original complaint.
As to the new allegations, plaintiff's causes of action against the former board member defendants cannot be saved. Despite plaintiff's discovery of an alleged scheme by the former board members to deprive him of use of his apartment in December 2015, there was no basis for tolling the statute of limitations or to apply the two-year statute of limitations under CPLR 213(8) since plaintiff admits he discovered this alleged new evidence by reviewing board minutes from more than a decade ago that were available to him at the time (Lim v Kolk, 111 AD3d 518, 519 [1st Dept 2013]). In any event, plaintiff neither pleaded fraud nor do his allegations amount to a de facto fraud that would allow him to rely on the longer limitations period (Kaufman v Cohen, 307 AD2d 113, 119 [1st Dept 2003]; IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 139 [2009]).
Plaintiff's conclusion that the other shareholders' alleged use of his apartment's ventilation ducts rendered his apartment uninhabitable is unsupported by any contract provision, statute, regulation, or violation of duty, and therefore fails to state a claim for breach of contract (Rimrock High Income Plus [Master] Fund, Ltd. v Avanti Communications Group PLC, 157 AD3d 543 [1st Dept 2018]). What is more, as this Court's prior order determined, plaintiff also does not have a claim for breach of the warranty of habitability or for partial eviction based on his inability to achieve a prospective condition in the apartment, such as his own dedicated ventilation ducts (144 AD3d 555, 556). With respect to defendants' alleged refusal to amend the certificate of occupancy to plaintiff's liking, the motion court providently determined that the alleged cause of action would have accrued more than a decade before plaintiff commenced the action. Plaintiff also failed to state a claim for violation of Multiple Dwelling Law §§ 301 and 302, as the motion court determined that on its face, the building's certificate of occupancy permitted residential occupancy in the basement.
The motion court also properly denied plaintiff's motion for renewal, given that, at most, the "new" evidence presented merely brought into sharper relief plaintiff's hypothetical concern [*2]that the Department of Buildings could potentially place undesirable requirements on his alteration work.
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 13, 2019
CLERK