Bank of Am., N.A. v Turner (2022 NY Slip Op 51292(U))

[*1]

Bank of Am., N.A. v Turner

2022 NY Slip Op 51292(U) [77 Misc 3d 136(A)]

Decided on December 15, 2022

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 15, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Brigantti, J.P., Hagler, Tisch, JJ.

570458/22

 Bank of America, N.A.,
Plaintiff-Respondent,
against
Aria R. Turner,
Defendant-Appellant.

Defendant, as limited by her briefs, appeals from so much of an order of the Civil
Court of the City of New York, Bronx County (Matthew P. Raso, J.), dated December
16, 2021, which denied her motion to reargue a prior order, dated April 14, 2021,
denying her motion to dismiss the action for lack of personal jurisdiction.

Per Curiam.
Appeal from order (Matthew P. Raso, J.), dated December 16, 2021, dismissed,
without costs, as taken from a nonappealable paper.
Defendant never filed a notice of appeal from the January 2, 2020 order of the court
(Naita A. Semaj, J.), which, while vacating her default, denied her motion to dismiss for
improper service. Instead, defendant made a second motion to dismiss for improper
service. Even if this second motion was proper, defendant did not appeal from the April
14, 2021 order (Matthew P. Raso, J.) denying that motion. Instead defendant purports to
appeal from the December 16, 2021 order denying her motion to reargue the April 14,
2021 order. However, no appeal lies from the denial of defendant's latest motion, which
was "in actuality, a second attempt to reargue issues decided in the [January 2, 2020
order]," which defendant had not appealed (Rockowitz v Huntington Town
House, 283 AD2d 630, 631 [2001]; see Robert Marini Bldr. v Rao, 263
AD2d 846, 848 [1999]).
In any event, even if the issue was properly before us, we would find that defendant's
submissions were insufficient to raise a triable issue of fact as to proper service (see
Grinshpun v Borokhovich, 100 AD3d 551, 552 [2012], lv denied 21 NY3d
857 [2013]).
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court 
Decision Date: December 15, 2022